# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 25-1327 |
| Case Name | United States v. Correa |
| Party or Parties Filing Notice of Appeal Or Petition | Michael Sang Correa |
| Appellee(s) or Respondent(s) | United States of America |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

      **1.**     Date final judgment or order to be reviewed was **entered** on the district court docket:     August 27, 2025

      **2.**     Date notice of appeal was **filed**:     August 25, 2025 (by Fed. R. App. P. 4(b)(2), deemed filed on the date of and after the entry of judgment on August 27)

      **3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):     14 days -- Fed. R. App. P. 4(b)(1)(a)(i)

           **a.**     Was the United States or an officer or an agency of the United States a party below?     Yes

           **b.**     Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:     No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   <u>                    N/A                    </u>

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   <u>                    N/A                    </u>

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. <u>     Yes     </u>

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   <u>                                                      </u>

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? <u>              </u>

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? <u>                              </u>

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   <u>                    N/A                    </u>

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). <u>     N/A                    </u>

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION -- N/A**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.** Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed?    Yes

    **B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?    Yes

    **C.** Describe the sentence imposed.    810 months in prison

    **D.** Was the sentence imposed after a plea of guilty?    No

    **E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?    

    **F.** Is the defendant on probation or at liberty pending appeal?    No

    **G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?    The Bureau of Prisons has not yet computed an estimated release date for Mr. Correa. It appears that, with good time, Mr. Correa will not be released until late 2077.

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

Mr. Correa was tried on five substantive counts of violating 18 U.S.C. § 2340A, which applies to torture or attempted torture outside of the United States, and of one count of conspiracy to violate § 2340A. A jury convicted him of the charges. The district court sentenced Mr. Correa to 810 months in prison.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

The appeal may challenge the district court's denial of Mr. Correa's motions to dismiss the indictment on grounds that it violated his right to due process and was filed outside the statute of limitations, as well as because he was denied his right to compulsory process and to present a defense. The appeal may also challenge the district court's evidentiary rulings and the sentence, as well as other issues.

V.   **ATTORNEY FILING DOCKETING STATEMENT:**

Name:  Howard A. Pincus                              Telephone: (303) 294-7002

Firm:   Office of the Federal Public Defender, District of Colorado

Email Address: howard_pincus@fd.org

Address:  633 17th Street, Suite 1000, Denver, Colorado 80202



/s/ Howard A. Pincus                        September 10, 2025
Signature                                   Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, [www.ca10.uscourts.gov](www.ca10.uscourts.gov).

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Howard A. Pincus, hereby certify that on September 10, 2025, I served a copy of the foregoing **Docketing Statement** via email to: Marissa R. Miller at [marissa.miller@usdoj.gov](marissa.miller@usdoj.gov), and John-Alex Romano at [john-alex.romano@usdoj.gov](john-alex.romano@usdoj.gov), their last known email addresses.

/s/ Howard A. Pincus
Signature

September 10, 2025
Date

Howard A. Pincus
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202