IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---------------------------------x

UNITED STATES OF AMERICA,          :  CASE NO. 25-1327

     Plaintiff-Appellee,         :  **MOTION FOR PERMISSION TO**
                                        **WITHDRAW AND FOR THE**
     v.                          :  **APPOINTMENT OF NEW COUNSEL**

MICHAEL SANG CORREA,               :  DISTRICT OF COLORADO
                                       D.C. No. 20-cr-00148-CMA

     Defendant-Appellant.   :

---------------------------------x

The Office of the Federal Public Defender for the District of Colorado moves for permission to withdraw as counsel for Michael Sang Correa and for the appointment of new counsel. In support, counsel states as follows:

1. This office has been appointed to represent Mr. Correa in this appeal. This office also represented Mr. Correa in the district court, starting in June, 2020.

2. The indictment charged Mr. Correa with a conspiracy to commit torture, and substantive counts of torture, see 18 U.S.C. § 2340A, based on acts alleged to have occurred in The Gambia, a country in West Africa. After a five-day jury trial, Mr. Correa was convicted of the conspiracy and of five substantive counts. He was sentenced to a total term of imprisonment of 810 months (that is, 67 and one-half years).

3. This office now moves for permission to withdraw as counsel for Mr. Correa. Mr. Correa has a deep lack of trust in this office that traces back to the district-court proceedings.

That distrust has carried over to this office's representation of Mr. Correa in this appeal and I have not been able to resolve it with Mr. Correa.  Given the need for trust in an effective attorney-client relationship, it is inadvisable for this office to continue as Mr. Correa's counsel.

4.    This motion was not filed earlier because of highly unusual difficulties in obtaining a legal call with Mr. Correa, which are detailed in the next paragraph.  As a result, even though the record was filed in November, I did not learn of the potential difficulties in this office continuing to represent Mr. Correa until I was first able to speak with him on January 27.

5.    Within a few weeks of the start of this appeal in September 2025, I was advised that Mr. Correa was being moved from a facility in Nevada where he had been housed while awaiting trial, to a federal facility.  He did not arrive at his federal facility until October 16.  We began the process of arranging for a legal call a short time later, near the end of October, which was before the record on appeal was filed.  We received an email response from a counselor that requested proof of an exigent need or a pending court deadline in order to schedule a confidential, legal call.  We called the counselor many times to try to discuss this matter and to explain the need for, and the importance of, attorney-client calls with Mr. Correa throughout the appellate process.  We did not receive any response to messages that we

left.  In early December, we were informed that Mr. Correa had a
new counselor and that we would have to arrange legal calls with
the new counselor.  After sending emails to that counselor on
December 10, 12 and 15, requesting a legal call on December 17 or
18, we received an email response on December 15 that asked for
the same proof the first counselor had requested.  I made
numerous calls to the new counselor beginning in mid-December,
through the end of the year and into January 2026, again with no
response to the voicemails I left.  We finally received an email
response on January 15.  After providing proof that I am a
licensed attorney with the Federal Public Defender, we received
word on January 20 that a legal call could be scheduled.

6.  I spoke with Mr. Correa at length on January 27.  After
learning of the trust issues noted in paragraph three, and trying
to work through them with Mr. Correa in that legal call, I sent
him the unsealed portions of the appellate record and additional
items.  I tried to set up a legal call for last week, so Mr.
Correa would have a chance to review those materials before we
spoke.  Because the counselor was at a training all last week,
the call could not take place until today.

7.  I had another lengthy, legal call with Mr. Correa today
in which I tried to resolve the trust issues.  Unfortunately,
that does not seem to be possible.  This office therefore moves
to withdraw as counsel for Mr. Correa.

8.   By order of September 11, 2025, this court granted, pursuant to 18 U.S.C. § 3006A, this office's motion to continue its appointment to represent Mr. Correa.  Tenth Cir. R. 46.4(A)(2)(b)(i).  Mr. Correa has advised me that he would like to have new counsel appointed to represent him on appeal, <u>id.</u>, Rule 46.4(A)(2)(b)(ii), and this office therefore also requests that this court appoint Mr. Correa new counsel.

9.   In the event this court denies the motion to withdraw and for the appointment of new counsel, Mr. Correa requests an extension of time of thirty days from the date of that denial in which to file Mr. Correa's opening brief.  This court has previously granted three extensions of time in which to file the opening brief, which is currently due tomorrow, March 11.  Since my January 27 phone call with Mr. Correa, I have filed the reply briefs in <u>United States v. Wiggins</u>, No. 25-6013 (10th Cir.), and <u>United States v. Barker</u>, No. 24-7100 (10th Cir.), argued <u>United States v. Crow</u>, No. 24-1377 (10th Cir.), before this court, and, besides working on Mr. Correa's case, I have also been working on the opening brief in <u>United States v. George</u>, No. 25-6137 (10th Cir.).  Between now and April 3, I am responsible for arguing <u>Wiggins</u> and <u>Barker</u>, and for filing the opening brief in <u>George</u>. I also note that this case, which was brought under the torture statute, and in which the prosecution invoked the Classified

Information Procedures Act, see 18 U.S.C. Appendix 3, presents unusual, potential issues.

10. The request for an extension of time in the event that this court denies permission to withdraw is not made at least three days before the deadline for the filing of the opening brief. Tenth Cir. R. 27.6(B). The reason is that I could not be sure until speaking with Mr. Correa today whether this motion would be for permission to withdraw or for an extension of time. As explained in paragraph six, I was unable to arrange for that legal call to occur last week, as I had hoped.

11. Marissa R. Miller, the attorney for the appellee, has authorized me to inform the court that, in the event this court denies the withdrawal request, the appellee has no objection to the alternative relief of an extension of time.

WHEREFORE the Office of the Federal Public Defender for the District of Colorado requests that this court grant it permission to withdraw as counsel for Mr. Correa and that this court appoint new counsel to represent Mr. Correa.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

/s/ Howard A. Pincus
HOWARD A. PINCUS
633 17th Street, Suite 1000
Denver, Colorado 80202
(303) 294-7002

Email Address: COX_10ECF@fd.org

**CERTIFICATE OF COMPLIANCE**

Please complete one of the sections:

**Section 1.  Word count**

As required by Fed. R. App. P. 32(d)(2)(A), I certify that this document is proportionally spaced and contains __1124__ words, and so meets the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

Complete one of the following:

☒ I relied on my word processor to obtain the count and it is Corel WordPerfect X5:

☐ I counted five characters per word, counting all characters including citations and numerals.

**Section 2.  Line count**

My brief was prepared in a monospaced typeface and contains _____ lines of text.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

By: /s/ Howard A. Pincus
    HOWARD A. PINCUS
    Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, I filed this motion through this court's CM/ECF system, which resulted in service on the appellee, and that I have also sent a copy of this motion to Michael Sang Correa at U.S.P. Atwater in Atwater, California, by United States Mail, postage pre-paid.

/s/ Howard A. Pincus
HOWARD A. PINCUS
Assistant Federal Public Defender